# IN THE COURT OF APPEALS OF IOWA

No. 21-1411
Filed November 23, 2021

**IN THE INTEREST OF T.D. and E.D.,**
**Minor Children,**

**S.B., Mother,**
　　　Appellant.
_____


　　　Appeal from the Iowa District Court for Benton County, Carrie K. Bryner,
District Associate Judge.


　　　A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


　　　Annette F. Martin, Cedar Rapids, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Michelle R. Becker, Assistant
Attorney General, for appellee State.

　　　Robert Davison, Cedar Rapids, attorney and guardian ad litem for minor
children.


　　　Considered by Bower, C.J., Badding, J., and Danilson, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2021).

**DANILSON, Senior Judge.**

A mother appeals the termination of her parental rights to her children, T.D., born in 2019, and E.D., born in 2017.  She contends termination was not in the children's best interests.  Upon our review, we affirm.

## I.      Background Facts and Proceedings

This family came to the attention of the Iowa Department of Human Services in September 2020, upon concerns the parents were living in their vehicle in a storage unit with the children.  The family's vehicle contained marijuana and methamphetamine, and both children tested positive for methamphetamine ingestion.[1]  There were also concerns about medical neglect and physical hygiene neglect of the children.[2]  The children were removed from the parents' care, adjudicated in need of assistance, and placed in foster care, where they have remained.

Because the parents made "very little progress . . . toward[] reunification," the department filed a petition to terminate their parental rights.  Following a hearing in May 2021, at which neither parent appeared,[3] the juvenile court entered an order terminating their parental rights.  The mother appealed.[4]

## II.     Standard of Review

Appellate review of termination-of-parental-rights proceedings is de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).  Our paramount concern in

---

[1] T.D. also tested positive for amphetamine and cocaine ingestion.

[2] For example, three-year-old E.D. "had never even brushed her teeth."

[3] The mother's attorney relayed to the court she had "not had contact" with the mother for over a month.

[4] The parental rights of father were also terminated, and he did not appeal.

termination proceedings is the best interests of the children. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019).

### III.    *Discussion*

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2021). We may affirm the termination order if the record supports termination on one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We elect to focus on section 232.116(1)(h). With regard to that section, the mother appears to concede the statutory grounds were met, but she contends the court "erred in finding that termination would be in the best interest of the children" due to her close bond with the children.

In determining best interests, our primary considerations are "the child[ren]'s safety," "the best placement for furthering the long-term nurturing and growth of the child[ren]," and "the physical, mental, and emotional condition and needs of the child[ren]." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). Initial concerns in this case included neglect of the children's medical care and hygiene, which led the court to enter a limited guardianship to the foster parents to allow the children to receive medical care because the mother "was not cooperative in consenting for [their] medical treatment." Indeed, the mother did not cooperate with any recommended services in this case. The department caseworker testified the mother had "not really had much communication" with her, she did not know where the mother was living, the mother had not followed through on requirements to complete substance-abuse or mental-health evaluations, and the mother had not submitted to any requests for drug testing. The mother had attended nineteen of forty-six supervised visits with

the children, and she had not attended any visits in nearly two months prior to the termination hearing.  The caseworker acknowledged the children had a bond with the mother but testified, "I think, honestly, they're more bonded to their foster parents."  The caseworker further stated the mother had not made "any kind of effort whatsoever toward reunification and meeting the case plan goals," and she opined termination was "[a]bsolutely" in the best interests of the children.  And the guardian ad litem succinctly opined, "[W]e can't wait forever and we're well past permanency deadlines and we're right where we started so I believe termination is appropriate."

Upon our review, considering the mother's instability and lack of meaningful engagement with or acknowledgment of the needs of the children throughout these proceedings, we think it is unlikely the mother would be able to adequately meet the needs of the children in the future.  *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996).  We find termination of the mother's rights to be in the children's best interests, and no permissive statutory exception should be applied to preclude termination.  We affirm the decision of the juvenile court to terminate the mother's parental rights.

**AFFIRMED.**